UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. ENNIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. HAYES, et al.,<br><br>　　　　Defendants. | No.  2:14-cv-2171 JAM KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983.  On November 18, 2014, the court granted plaintiff the option to proceed on his original complaint as to ten of the named defendants, or to delay service of process and file an amended complaint.  Plaintiff filed an amended complaint, but also submitted ten summons and ten USM-285 forms.  Plaintiff provided no copies of any pleading.

　　　　The court has reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it again states potentially cognizable Eighth Amendment claims against defendants L. Kelly, Whitehead, M. Dobbs, Norton, K. Higgins, Ybarra, Jochim, Montgomery, Eilhart, and Miranda stemming from the events of December 20, 2013.  See 28 U.S.C. § 1915A.

　　　　For the reasons stated below, the court finds that the complaint does not state a cognizable claim against the remaining defendants.  The undersigned recommends that plaintiff's claims

against defendants Hayes, Dacio, Saeturn, Stein, Dobbs, Jorpy, Dr. Nangalam, and Joseph be dismissed without leave to amend.

Plaintiff was previously provided detailed standards governing medical claims under the Eighth Amendment. (ECF No. 7.) To maintain an Eighth Amendment claim based on prison medical treatment, plaintiff must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Unlike his allegations pertaining to the events of December 20, 2013,[1] plaintiff raises no allegations demonstrating that defendants Hayes, Dacio, Saeturn, Stein, Dobbs, Jorpy, Dr. Nangalam, and Joseph were deliberately indifferent to a serious medical need. For example, plaintiff alleges that Dr. Nangalam deprived plaintiff of treatment on December 24, 2013, but the doctor's progress note states that plaintiff "refused M-line." (ECF No. 10 at 73.) Although plaintiff contends that he did not refuse M-line or was not called for the appointment, he does not allege that Dr. Nangalam was aware that plaintiff did not refuse the M-line or that Dr. Nangalam was responsible for bringing plaintiff from the M-line to plaintiff's appointment. Thus, plaintiff's allegation fails to state a cognizable Eighth Amendment claim against Dr. Nangalam.

Similarly, plaintiff's claims against defendants S. Jorpy, M. Stein, R. Saeturn, J. Hayes, and L. Dacio, even liberally construed, fail to state cognizable civil rights claims. In applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.) A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

---

[1] As noted in the prior screening order, plaintiff's claims concern the alleged failure to provide medical care to address conditions arising from, or aggravated by, an October 18, 2013 incident in which plaintiff was allegedly beaten by correctional staff. (ECF No. 7 at 4; No. 10 ¶ 23.) That alleged incident is not a subject of this pleading.

1  Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious
2  medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A "difference
3  of opinion between a prisoner-patient and prison medical authorities regarding treatment does not
4  give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To
5  establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must
6  show that the course of treatment the doctors chose was medically unacceptable under the
7  circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the
8  prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm
9  v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment
10 followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead
11 deliberate indifference); see also Snow, 681 F.3d at 988 (decision of non-treating, non-specialist
12 physicians to repeatedly deny recommended surgical treatment may be medically unacceptable
13 under all the circumstances.)
14      Here, it appears that plaintiff has a difference of opinion as to how his medical needs
15 should have been addressed. The incidents where plaintiff claims his requests for medical care
16 were falsely marked that plaintiff refused treatment fail to demonstrate deliberate indifference in
17 light of the medical records demonstrating plaintiff was treated by medical professionals on or
18 about most of those dates. Plaintiff was seen on October 14, 23, 30, and 31, 2013, and November
19 1, and 5, 2013, "multiple times for the same complaints." (ECF No. 10 at 34.) Plaintiff was seen
20 by his primary care physician on November 14, 2013. (ECF No. 10 at 35.) Plaintiff was quoted
21 as reporting "the doctor saw me yesterday and wanted me to try Ibuprofen for another one month.
22 . . I will do that." (ECF No. 1 at 23.) Plaintiff was seen by the nurse on December 14, 15, and
23 16, 2013, and by the doctor on December 20, 2013. (ECF No. 10 at 35, 55, 75, 76.) Plaintiff was
24 seen by a doctor on January 28, 2014, at which appointment he reported he had suffered no
25 asthma attacks since the last visit, no visits to "ETA" for asthma since last visit, and had not been
26 awakened with asthma symptoms. (ECF No. 1 at 32.) In addition, plaintiff did not complain of a
27 cyst on his hand or a rash at the January 28, 2014 appointment. Moreover, the December 20,
28 2013 medical record reflects plaintiff had a "small pinkish area" on his right hand (ECF No. 10 at

1 55), and the medical staff's opinion was that plaintiff did not have a rash (ECF No. 10 at 75 (no
2 rash except red marks or streaks, not rash), 76 (no fungus; red scratched marks or streaks), 55 (no
3 rash).) These medical records do not support a finding that plaintiff's cyst or rash constituted a
4 serious medical need, or that plaintiff's asthma constituted a serious medical need between
5 December 21, 2013, and January 28, 2014. Such records do not evidence deliberate indifference
6 to plaintiff's serious medical needs.

7 Plaintiff again alleges that, on November 5, 6, 9, 12, 13, 14, and 30, and December 9, 10,
8 16, and 18, 2013, he sought treatment for his chest pains and asthma symptoms, but did not
9 receive any medical attention. (ECF No. 10 at 6.) He cites his Exhibit C, which consists of
10 Health Care Services Request Forms filed on these dates. In these forms, plaintiff complains of,
11 variously, a cyst on his hands, numbness in his hands, lower back pain, neck pain, headaches, a
12 lump on his head, and blurred vision. (ECF No. 10 at 30-41.) On only one form, dated
13 November 13, 2013, does he refer to his asthma symptoms, writing, "I have asthma and my chest
14 and lungs feel tight." (Id. Ex. C, ECF No. 10 at 35.) Moreover, the health care services request
15 form confirms that plaintiff was examined by the nurse on November 15, 2013. (ECF No. 10 at
16 35.)

17 Unlike his allegations stemming from the December 20, 2013 incident, plaintiff recites no
18 factual allegations demonstrating that defendants Hayes, Dacio, Saeturn, Stein, Dobbs, Jorpy, Dr.
19 Nangalam, and Joseph were deliberately indifferent to a serious medical need or acted with a
20 culpable state of mind on the other occasions recited. Rather, it appears that plaintiff has a
21 difference of opinion as to what his medical ailments were and how they should have been
22 treated. Such allegations fail to rise to the level of an Eighth Amendment violation. In addition,
23 plaintiff's claim that defendants Whitehead and Kelly falsely told defendant Dr. Nangalam that
24 plaintiff refused the December 24, 2014 follow up appointment also fails to rise to the level of an
25 Eighth Amendment violation. An alleged failure to receive one follow-up appointment is
26 insufficient to state a civil rights claim, particularly where the medical records demonstrate that
27 plaintiff's asthma did not flare up during such time, or evidence another serious medical need to
28 which defendants were deliberately indifferent. (ECF No. 1 at 32.)

4

In light of the medical records provided by plaintiff, it does not appear that plaintiff can further amend his pleading to state cognizable Eighth Amendment claims against the remaining defendants. Therefore, the undersigned recommends that plaintiff's claims against defendants Hayes, Dacio, Saeturn, Stein, Dobbs, Jorpy, Dr. Nangalam, and Joseph be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: L. Kelly, Whitehead, M. Dobbs, Norton, K. Higgins, Ybarra, Jochim, Montgomery, Eilhart, and Miranda.

2. The Clerk of the Court shall send plaintiff ten USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed December 11, 2014.

3. Within thirty days from the date of this order, plaintiff shall complete and return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and ten copies of the endorsed amended complaint filed December 11, 2014.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

////
////
////
////
////
////
////
////
////

5

     IT IS RECOMMENDED that plaintiff's claims against defendants Hayes, Dacio, Saeturn, Stein, Dobbs, Jorpy, Dr. Nangalam, and Joseph be dismissed without leave to amend.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 27, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

enni2171.14o

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  JOSEPH L. ENNIS,                          No. 2:15-cv-2171 JAM KJN P
12           Plaintiff,
13       v.                                   <u>NOTICE OF SUBMISSION OF</u>
                                              <u>DOCUMENTS</u>
14  J. HAYES, et al.,
15           Defendants.
16

17       Plaintiff submits the following documents in compliance with the court's order filed
18  _____.
19       _____     completed summons form
20       _____     completed forms USM-285
21       _____     copies of the    _____
22                                         Amended Complaint
23
    DATED:
24
25                                              _____
                                                Plaintiff
26
27
28